### DE GRAZIA v. FERRETTI et al.

(Supreme Court, Appellate Term. May 1, 1900.)

1. LANDLORD AND TENANT—LIEN—ENFORCEMENT—EVIDENCE.

A lessee deposited money with the lessor, as security for the performance of a lease, on which an unsigned writing in relation to the deposit was indorsed, providing that, if the premises were not surrendered in good condition, the lessor could retain so much of the deposit as would put the premises in repair, to his satisfaction. Held, in an action by the lessee to recover the deposit after the expiration of the term in which defendant set up a counterclaim for plaintiff's failure to surrender the

premises in good condition, it was error to exclude the writing, on the ground that "there was no proof that there was any such document," when offered in evidence by the defendant, where plaintiff's evidence was, in effect, an admission that the writing showed the agreement in relation to the deposit, if the words, "to his satisfaction," were excluded.

2. TRIAL—ARGUMENT OF COUNSEL.

A remark by counsel, in the presence of the jury, that defendant had made an offer of judgment, is improper, and constitutes ground for granting a motion that a juror be withdrawn, when it becomes apparent that defendant has been prejudiced thereby.

Appeal from city court of New York, general term.

Action by Angela De Grazia against Andrew Ferretti and another. From a judgment of the general term of the city court of New York City (62 N. Y. Supp. 1124) affirming a judgment for plaintiff, defendants appeal. Reversed.

This is an action to recover $800 deposited by plaintiff to secure the performance of the covenants of a lease, which deposit came into the possession of defendants as subsequent owners of the demised premises. The defendants answered, alleging that the agreement under which the deposit was made entitled them to retain so much of said deposit as would put the premises in repair to their satisfaction; that at the termination of the lease the plaintiff left the premises in bad condition, and the defendants caused estimates to be made; and that the costs of placing the premises in good condition and satisfactory repair would exceed the amount sued for. The jury found a verdict of $800 and interest, and from the judgment entered thereon this appeal was taken.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Weekes Bros., for appellants.
Joel M. Marx, for respondent.

PER CURIAM. Defendants offered in evidence a paper which, under the objection of plaintiff that "there was no proof that there was any such document," was excluded. To this ruling defendants excepted. We believe the ruling was wrong, for the evidence of the plaintiff as to the paper was, in effect, an admission that the paper showed the agreement, if the words "to his satisfaction," were excluded; and so, connected with this admission, the paper was admissible.

The statement of counsel in respect to the offer of judgment was quite improper, and, while we are unwilling to say that because of it the court was called upon to grant the motion that a juror be withdrawn, we feel that had defendant later in the trial, when it became apparent that he had been prejudiced by the remarks, asked for relief, it should have been accorded to him.

The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event.